Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

Attorneys for Danny Allen, Jr.,

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Danny Allen, Jr., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Portfolio Recovery Associates, Inc., Portfolio Associates, LLC<br><br>Defendant. | Case No: 10-CV- 2658-W-BGS<br><br>**First Amended Class Action Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Danny Allen, Jr. ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Portfolio Associates, LLC ("Defendant" or "PA"), in negligently, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.,("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and

experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant, providing jurisdiction under 28 U.S.C. Section 1332(d)(2)(A). Plaintiff is informed and believed; and thereon alleges, that Defendant is, and at all times mentioned herein was, a Delaware corporation, and therefore, is a citizen of that state for diversity purposes. Defendant's primary corporate headquarters are in Norfolk, VA. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant conducts business in the County of San Diego, and is subject to personal jurisdiction within this judicial district.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

5. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

## FACTUAL ALLEGATIONS

6. At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

7. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

8. At all times relevant Defendant conducted business in the County of San Diego, and is subject to personal jurisdiction within this judicial district.

9. Defendant PA is located in the City of Norfolk, the County of Wight, and the State of Virginia.

10. Defendant PA is a company that purchases, collects and manages portfolios of defaulted consumer receivables and provides a broad range of accounts receivable management and payments processing services.

11. Some time prior to 2010, Plaintiff applied for credit from Capital One Bank (USA).

12. At no point did Plaintiff provide Capital One Bank (USA) with his cellular telephone number or give Capital One Bank (USA) prior express consent to call Plaintiff on his cellular telephone with the use of an autodialer and/or prerecorded message.

13. At no point did Plaintiff provide Defendant with his cellular telephone number and/or give Defendant prior express consent to call Plaintiff on his cellular telephone with the use of an autodialer and/or prerecorded message.

14. In early 2010, Plaintiff fell on hard times and became delinquent on one or more accounts.

15. One account was assigned, transferred, or otherwise given to Defendant for the purposes of collection.

16. On information and belief Defendant obtained Plaintiff's cellular telephone number from a third party and/or in another manner, but not from Plaintiff.

17. Beginning on October 11, 2010 Defendant, or its agents, began calling Plaintiff on his cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(I) using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(I)(A).

18. The telephone number Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

19. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

20. Plaintiff did not provide Defendant or its agents prior express consent to receive calls with an autodialer or by a prerecorded voice message on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

21. These telephone calls by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

22. Defendant continued to call Plaintiff on his cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(I) using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A) on October 28, 2010, and November 8, 2010.

23. The telephone number Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

24. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(I)(A)(i).

25. Plaintiff did not provide Defendant or its agents prior express consent to receive calls with an autodialer or by a prerecorded voice message on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

26. These telephone calls by Defendant or its agents violated 47 U.S.C. § 227(b)(I).

1. In response to receiving these illegal telephone calls, Plaintiff sent a written demand to Defendant to cease and desist any and all communications with Plaintiff, including, but not limited to, dialing Plaintiff's cellular telephone by automated dialer. Such written communication was received by Defendant on November 15, 2010.

2. Despite this written request to stop the automated collection calls to Plaintiff's cellular telephone, Defendant then initiated an additional call to Plaintiff's cellular telephone on November 16, 2010 on his cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1) using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).

3. The telephone number Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

4. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

5. Plaintiff did not provide Defendant or its agents prior express consent to receive calls with an autodialer or by a prerecorded voice message on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(I)(A).

6. These telephone calls by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

## CAUSES OF ACTION
## CLASS ACTION ALLEGATIONS

7. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated ("the Class").

8. Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received any telephone call from Defendant or

its agents to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, which call was not made for emergency purposes or with the recipient's prior express consent, within the four years prior to the filing of this Complaint.

1. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

2. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an autodialer and / or with a prerecorded voice message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

3. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

4. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties

and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

1. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the four years prIor to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

   b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

   c. Whether Defendant should be enjoined from engaging in such conduct in the future.

2. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

3. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

1. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.
2. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.
3. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

4. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
5. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

1. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
2. Plaintiff and The Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL OF THE
## TELEPHONE CONSUMER PROTECTION ACT (TCPA)
## 47 U.S.C. § 227 ET SEQ.

3. Plaintiff incorporates by reference paragraphs 1 through 32, inclusive, of this Complaint as though fully stated herein.
4. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.
5. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and The Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
6. Plaintiff and The Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION
## OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

1. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b (3)(B).
2. Plaintiff also seeks, pursuant to 47 U.S.C. § 227(b )(3)(A), injunctive relief prohibiting such conduct in the future.
3. Plaintiff also seeks any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL
## VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

4. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
5. Plaintiff also seeks, pursuant to 47 U.S.C. § 227(b )(3)(A), injunctive relief prohibiting such conduct in the future.
6. Plaintiff also seeks any other relief the Court may deem just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: July 29, 2011

By: s/ Joshua B. Swigart
Joshua B. Swigart
Attorneys for Plaintiffs