UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION | ) Case No. 11md2295 JAH(BGS) <br> ) <br> ) Member cases: <br> )    10cv2658 JAH(BGS) <br> )    11cv1008 JAH(BGS) <br> )    11cv3006 JAH(BGS) <br> )    11cv3007 JAH(BGS) <br> )    11cv3057 JAH(BGS) <br> )    12cv0574 JAH(BGS) <br> ) <br> ) **ORDER DENYING PLAINTIFFS BARTLETT AND HARVEY'S CONSOLIDATED REQUEST FOR SUGGESTION OF REMAND OR, IN THE ALTERNATIVE FOR DESIGNATION AS A SUB-CLASS** <br> ) [DOC. # 9] |

### INTRODUCTION

Currently pending before this Court is the consolidated request for a suggestion of remand, or in the alternative for designation as a sub-class filed by plaintiffs Kimberly Bartlett and Karen Harvey. The request has been fully briefed. After a careful consideration of the pleadings and relevant exhibits submitted, and for the reasons set forth below, this Court DENIES the consolidated request for a suggestion of remand and DENIES the alternative request for designation as a sub-class as premature.

//
//
//

**BACKGROUND**

The instant case was transferred to this Court on December 21, 2011 from the Judicial Panel on Multidistrict Litigation ("the MDL Panel"). The case consists of five consolidated putative class actions[1] each seeking relief from defendant Portfolio Recovery Associates, LLC ("defendant" or "Portfolio") based on allegations that defendant violated the Telephone Consumer Protection Act ("TCPA") by calling cellular telephone numbers with an automatic telephone dialing system ("ATDS") without prior express consent.

On February 25, 2012, plaintiffs Kimberly Bartlett and Karen Harvey ("moving plaintiffs") filed their consolidated request for a suggestion of remand of their individual putative class action complaints originally filed in the Northern District of Georgia and the Middle District of Florida respectively (collectively "the carve-out cases"). Defendant filed an opposition to the request on March 12, 2012. Plaintiffs Frydman, Marin, Jury, Meyer and Allen ("the nationwide plaintiffs") also filed a response to the request on March 12, 2012. The moving plaintiffs filed their consolidated reply brief on March 16, 2012.

**DISCUSSION**

**1.    Legal Standard**

The power to remand a case to the transferor court lies solely with the MDL Panel. 28 U.S.C. § 1407(a); In re Bridgestone/Firestone, Inc., 128 F.Supp.2d 1196, 1197 (S.D. Ind. 2001); *see also* In re Roberts, 178 F.3d 181, 183 (3d Cir.1999). In determining whether to issue a suggestion for remand to the MDL Panel, this Court is guided by the standards for remand employed by the MDL Panel. Bridgestone/Firestone, 128 F.Supp.2d at 1997. Where, as here, pretrial proceedings have not been concluded, the question of whether remand is appropriate is left to the court's discretion and generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL. In re Patenaude, 210 F.3d 135, 145 (3d Cir.2000); In re Air Crash Disaster,

---

[1] There is also one "tag-along" case certified for conditional transfer to this District on March 7, 2012.

461 F.Supp. 671, 672–73 (Jud.Pan.Mult.Lit.1978). The MDL Panel has discretion to remand, for example, when everything that remains to be done is case-specific. Patenaude, 210 F.3d at 145.

**2.     Analysis**

The moving plaintiffs contend their individual cases do not benefit from being included in these coordinated proceedings and claim the only things remaining to be done in their respective cases are case-specific. The moving plaintiffs explain that the procedural postures in both cases are substantially different from the procedural posture in the consolidated cases, *i.e.*, discovery has been either completely or substantially completed, motions have been filed and mediation was pending in both cases prior to transfer. The moving plaintiffs further explain that the class definitions are substantially different in their cases as compared to the nationwide class definition.[2]

Defendant, in opposition, claims the moving plaintiffs' arguments in support of their request for a suggestion of remand have already been presented and rejected by the MDL Panel when it entered its transfer order. Defendant notes the MDL Panel heard and rejected the moving plaintiffs' arguments concerning the differing class definitions and the procedural posture of the cases, finding centralization of these cases would promote the just and efficient conduct of this litigation based upon the fact that the nationwide class subsume the carve-out classes and discovery and pretrial proceedings will likely overlap. *See* Doc. # 1 at 1-2.

---

[2] The nationwide plaintiffs, in their response to the instant motion, agree with the moving plaintiffs that remand is appropriate, contending their respective strategies for class certification are at odds with one another and, as such, will create delay due to the conflict instead of benefitting the carve-out cases. In addition, the nationwide plaintiffs, note that there are state-specific determinations to be made in the carve-out cases which should be made by the home courts. *See* Doc. # 11 at 7 (citing In re Light Cigarettes Mktg. Sales Practices Litig., 2011 WL 6151510 *4 (D.Me. Dec. 12, 2011)("the transferor courts, each of which is familiar with the state law of their respective jurisdictions, are in a better position to assess the parties' state law arguments and their impact on the class certification issue.")). This Court notes that defendant does not have an opportunity to respond to these arguments since the nationwide plaintiffs presented their position in support of the moving plaintiffs' request in an opposition brief. However, because this Court ultimately finds the "law of the case" prevents re-examination of this issue, this Court does not address the nationwide plaintiffs' arguments thereby obviating the need for response by defendant.

Defendants also contend that the moving plaintiffs' alternative request for designation as a sub-class is premature under Rule 23 of the Federal Rules of Civil Procedure[3] since the initial class has yet to be certified. *See* Doc. # 10 at 7 (citing <u>Santillan v. Gonzales</u>, 388 F.Supp.2d 1065, 1071-72 (N.D.Cal. 2005)("[a] court may certify subclasses after the initial class certification."); <u>Sears v. The Atchison, Topeka & Santa Fe Railway Co.</u>, 749 F.2d 1451, 1456 (10th Cir. 1984)("We recognize that the district court may redefine the class to include several subclasses after it has initially certified the class."); <u>Natchitoches Parish Hosp. Servs. Dist. v. Tyco Int'l, Inc.</u>, 247 F.R.D. 235, 269 (D.Mass. 2008)("Subclasses can be created after an initial grant of class certification.")). Thus, defendants contend this Court must first certify an initial class before certifying subclasses.

In reply, the moving plaintiffs do not dispute that the same arguments are being presented here as were presented to the MDL Panel. Instead, the moving plaintiffs point out that a "different situation" exists now than that confronted by the Judicial Panel because the nationwide plaintiffs and the moving plaintiffs have since reached an agreement concerning the class certification issues. In addition, the moving plaintiffs claim the Court has authority to recognize subclasses before deciding class certification, noting the cases cited by defendant do not stand for such a proposition.

This Court is persuaded by defendant's arguments. The moving plaintiffs do not dispute that the arguments presented have already been heard and rejected by the MDL Panel. The "law of the case" doctrine, as well as public policy, dictates that the efficient operation of the judicial system requires the avoidance of re-arguing questions that have already been decided. *See* <u>Pyramid Lake Paiute Tribe of Indians v. Hodel</u>, 822 F.2d 364, 369 n.5 (9th Cir. 1989); <u>Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, L.L.P.</u>, 332 F.3d 147, 167 (2d Cir. 2003). This Court finds the "law of the case" doctrine prevents this Court from re-examining the MDL Panel's findings and

---

[3] Rule 23(c)(5) provides "[w]hen appropriate, a class may be divided into subclasses that are each treated as a class under this rule." Fed.R.Civ.P. 23(c)(5).

decision on this issue. Accordingly, the moving plaintiffs' request for a suggestion of remand is DENIED.

In regards to the moving plaintiffs' alternative request, this Court again is persuaded by defendant's arguments. Although the moving plaintiffs are correct that this Court has the authority to recognize subclasses at this juncture, the cases cited by defendant do stand for the proposition that it is appropriate to wait until class certification issues have been resolved before recognizing subclasses. *See* Santillan, 388 F.Supp.2d at 1071-72; Sears, 749 F.3d at 1456; Natchitoches, 247 F.R.D. at 269. This Court deems it appropriate to decline the invitation to recognize subclasses prior to determining certification of the nationwide class. Therefore, moving plaintiffs' alternative request to be designated as a subclass is also DENIED.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the moving plaintiffs' request for a suggestion of remand or, in the alternative, for designation as a subclass [doc. # 9] is **DENIED in its entirety.**

DATED:   April 13, 2012

JOHN A. HOUSTON
United States District Judge